## Trala v. Powlovczak

*Harry B. Richardson*, for plaintiff.
*Stewart P. McConnel*, for defendant.

SOHN, J., May 2, 1951.—This action is before the court on a rule to show cause why a judgment should not be stricken from the record. The record shows the following: February 10, 1922, counsel for plaintiff issued a praecipe for a capias in trespass, returnable to the next term. On the same date, an affidavit to hold to bail and a statement of claim were filed. The record

does not show service of the statement of claim on defendant. February 14, 1922, the sheriff returned the writ "cepi corpus and bail bond". Attached to the return is a bond executed by defendant and a surety. September 12, 1922, upon praecipe by counsel for plaintiff, judgment was entered in favor of plaintiff and against defendant in default of an appearance. October 27, 1922, the court, reciting that it appeared judgment had been entered in default of an appearance, ordered a writ of inquiry to determine damages and costs sustained by plaintiff, and directed that a jury be called and sworn to inquire of and find damages and costs. This order apparently was under the provisions of the Act of May 22, 1722, 1 Sm. L. 131, sec. 27. An examination of the October 1922 trial list discloses that the case was not on the trial list. October 27, 1922, a jury returned a verdict in favor of plaintiff in the sum of $300. February 28, 1951, judgment was entered on the verdict.

A rule to show cause why the judgment should not be stricken from the record was filed March 6, 1951. The judgment is attacked on two theories: (1) That the judgment in default of an appearance is irregular and not self-supporting; (2) that the verdict is presumed to have been paid. The burden of proving the alleged presumption is on plaintiff. On a motion to strike the judgment from the record, we are not concerned with the second reason assigned by counsel for plaintiff.

We conclude that the rule should be made absolute and the judgment stricken from the record because the judgment is not supported by the record. Section 3 of the Act of June 13, 1836, P. L. 572, provides in part:

"It shall be the duty of the prothonotary of any court having jurisdiction of the action, on the application of the plaintiff in any personal action, his agent

or attorney, instead of the writ of summons as aforesaid, to issue a writ of capias ad respondendum. . . ."

Pursuant to the writ defendant in the instant case appeared in court by filing the bond. The entry of bail or the deposit of money in lieu of bail is regarded as equivalent to an appearance in the suit: 10 Standard Pa. Practice 55, sec. 69. In King v. Embrey, 5 W. N. C. 97, it was held by entering common bail, defendant has perfected his appearance in court. In Jones v. Orum, 5 Rawle's Reports 248, the aforesaid principle at common law is affirmed in an opinion by Mr. Justice Sergeant in 1835, one year before the enactment of the Act of 1836. Roberts v. Buffalo, Rochester and Pittsburgh Railways Company, 5 Dist. R. 124, supports the same conclusion.

The Act of May 25, 1887, P. L. 271, provides in part:

"The only plea in the action of trespass shall be 'not guilty.' The defendant shall plead to the said actions within fifteen days after the return day, and, in default thereof, the court may, on motion, direct the prothonotary to enter the plea of the general issue at any time."

Libel and slander actions are excepted from the operation of the Practice Act of May 14, 1915, P. L. 483, sec. 1, 12 PS §382. The Acts of 1836 and 1887 control the procedure in the instant case.

A situation identical to that of the instant case appears in Begoss v. Prolitza, 14 Dist. R. 598. The opinion of Judge Wheaton in full is:

"The record shows that the plaintiff filed Oct. 20, 1902, an affidavit setting out a cause of action against the defendant upon malicious prosecution. With this was a praecipe for a capias ad respondendum. Bail required, $1000.00. Same day, capias exit, and defendant arrested and special bail entered, with W. J. Welsh and John Nowak as sureties, as appears by the return of the writ.

"March 10, 1904, upon praecipe of plaintiff's attorney, judgment entered against defendant for want of an appearance. March 19, 1904, rule to show cause why this judgment should not be stricken off.

"There is no doubt that at the common law a defendant in custody, or one who had perfected special bail, was in court. There was no necessity for such an one to empower the prothonotary to enter his appearance to the action. And that is the law in Pennsylvania: *Jones v. Orum*, 5 Rawle 249. The Act of June 13, 1836, §35, P. L. 572, clearly recognizes this. It provides that if the defendant shall have deposited in the hands of the officer a sum of money in lieu of bail, as aforesaid, he shall be deemed to have appeared in court at the return-day, in like manner as if he had entered special bail to the action.

"Now, July 2, 1904, rule absolute and judgment stricken off."

Applying the statutes and the citations heretofore referred to, to the situation in the instant case, it is readily apparent that plaintiff's judgment is fatally defective. Judgment could not be entered in default of an appearance because defendant did enter an appearance. It then became the duty of plaintiff, under the provisions of the Act of 1887, to move that the prothonotary enter a plea of the general issue. Such motion was not made.

In Steinbrecker v. The Delaware and Hudson Company, 15 Dist. R. 665, Judge Searle held:

"Section 4 of said rule authorizes, when defendant's appearance is recorded, a rule to plead after the first day of the term to which process issued is returnable, 'and on six weeks' notice thereof, in writing, to the adverse party or his or their attorney of record, and upon failure to plead, a judgment by default may be entered, etc.'

"Section 7 of the Procedure Act of 1887, P. L. 272, provides that the defendant shall plead to the action within fifteen days after the return-day, and in default thereof the court may, on motion, direct the prothonotary to enter the plea of the general issue at any time.

"No plea was demandable until after the filing of the declaration, and no rule to plead could have been entered in this case, under the rules of court, until date of filing narr., Oct. 20, 1905, and no plea could have been compelled until after six weeks' notice thereof in writing.

"The seventh section of the Act of 1887 would not be construed to entitle plaintiff to a plea before filing of narr., and Judge Morrison, in *Roberts v. Buffalo, etc. Ry. Co.*, 5 District Reps. 124, in striking off plea and giving defendant fifteen days within which to plead or demur, practically held that the defendant was entitled, when declaration was not filed on or before return-day, to fifteen days' notice of filing of narr. before the court would direct plea to be entered.

"While the court may have the authority, under the Act of 1887, to direct plea to be filed at any time after the filing of narr., subsequent to return-day of writ, in justice and equity, the defendant is entitled to time to examine declaration after notice of filing same before being compelled to join issue (unless barred by his own laches).

"The Act of 1887 evidently contemplates the filing of declaration on or before the return-day, and the having by defendant of fifteen days' opportunity to examine same before being compelled to plead.

"In this case the direction by the court to enter the plea was improvidently made, and the defendant is entitled to have the relief asked for. Upon the day of the argument of the rule, defendant made application to have this action transferred to the United States

Circuit Court for the Middle District of Pennsylvania, as provided by Act of Congress, etc., and it was suggested that the striking off of the plea might affect the right of the defendants in said application. If the defendant is entitled to the relief asked for, the effect of granting or refusing his request upon other applications should have no weight; the question is one, if not of legal right, at least of equitable right. The rule is made absolute, and the plea entered in this case is ordered stricken from the record."

There are two additional reasons why the judgment in the instant case cannot be sustained. Rule 211 of the Court of Common Pleas of Beaver County is as follows:

"No judgment by default shall be entered after three months from the date of the default without ten days' notice to the party in default, or his attorney of record. In which case a copy of the notice with an affidavit of the service thereof shall be filed with the praecipe for judgment."

Even if it were construed, and we hold otherwise, that defendant defaulted in his appearance, the writ was returnable to the first Monday of March, 1922, and judgment was entered September 12, 1922, so that judgment was entered more than three months after the return day. Notice was not given the party in default prior to the entry of judgment as required by rule 211.

Rule 213 of the Court of Common Pleas of Beaver County is as follows:

"It shall be the duty of the respective parties in any suit to serve a true copy of their declarations, affidavit of defense, specifications of insufficiency, and any other writing in the case, except short pleas, upon the opposite party or his or her attorney of record."

The declaration here titled statement of claim was filed February 13, 1922. There is no evidence of service

of a copy of the statement of claim upon the opposite party or his attorney.

Defendant contends that plaintiff's is now a stale claim. The entry of a judgment on a verdict may be precluded by the lapse of a long period of time, especially where some of the parties have died: 6 Standard Pa. Practice 571, sec. 42. We see no reason to invoke that rule in this case. Plaintiff and defendant are both living, and the witness referred to in the statement of claim, to whom the alleged scandalous and malicious words are alleged to have been spoken, is presently the chief county detective of Beaver County. If the judgment is stricken from the record, there is no apparent reason why plaintiff or defendant will be seriously handicapped in any further proceedings.

### Order

And now, to wit, May 2, 1951, for the reasons set forth, it is ordered, adjudged and decreed that the judgment entered at the above term and number be, and it is hereby stricken from the record, with leave to plaintiff to proceed in a manner not inconsistent with the procedure outlined in the foregoing opinion.